IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES JANIS and KEITH THOMAS, )<br><br>Plaintiffs, )<br><br>v. )<br><br>JOSEPH EARLE; GORDAN MCDOUGALL; )<br>MARK LIVINGSTON; UPPER STREET )<br>MARKETING, INC.; LINEAR PARK )<br>MARKETING, INC.; GROWING SPRINGS )<br>HOLDINGS CORPORATION; and )<br>PRIMAPHARMA, INC., )<br><br>Defendants. ) | Case No. 20-CV-193-TCK-JFJ |

**OPINION AND ORDER**

Before the Court are the Motion to Strike Plaintiffs' First Amended Complaint filed by Defendants Mark Livingston and PrimaPharma, Inc., and joined by Defendants Joseph Earle, Gordan McDougall, Upper Street Marketing, Inc., Linear Park Marketing, Inc., and Growing Springs Holdings Corporation (the "Linear Defendants"), Docs. 27, 30; and the Motion to Amend filed by Plaintiffs James Janis and Keith Thomas. Doc. 23. Plaintiffs object to the Motion to Strike, and Defendants object to the Motion to Amend. Docs. 26, 37-38.

**I. Background/Procedural Status**

This procedural quagmire commenced on May 7, 2020, when Plaintiffs—shareholders in defendant Upper Street Marketing, Inc. ("UPPR")—filed a derivative action on behalf of nominal defendant UPPR and against Joseph Earle, Gordan McDougall, Mark Livingston, UPPR, Linear Park Marketing, Inc. ("Linear Park"), Growing Springs Holders Corporation ("GSHC") (collectively the "Corporate Defendants") and PrimaPharma, Inc. ("PrimaPharma"). Doc. 2. In

their 31-page verified Complaint, they sought relief for "damages sustained, and that will be sustained by UPPR as a result of Corporate Defendants' conversions, breaches of their fiduciary duties and Defendant Joseph Earle's wrongful refusal of Plaintiffs' well-grounded demand on the Board of Directors" pursuant to 18 O.S. §1065 to inspect and make copies and extracts of certain books and records of UPPR.  *Id.* at 1-2.

Defendants Livingston and PrimaPharma were served with Plaintiffs' original Complaint on or about May 21 and 22, 2020.  Doc. 3.  Plaintiffs granted them a 45-day extension of time to answer or otherwise plead.  On July 6, 2020, Livingston and PrimaPharma jointly filed a Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Failure to State a Claim. Doc. 5.  On July 7, 2020, the Linear Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 23.1, and on July 16, 2020, they filed their Notice of Joinder in the Livingston and PrimaPharma Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Failure to State a Claim.  Docs. 7, 12.

On August 21, 2020, Plaintiffs—without leave of Court—filed a First Amended Complaint.  Doc. 16.  Subsequently, on August 31, 2020, they filed a Motion for Leave to File First Amended Complaint.  Doc. 23.  On September 4, 2020, Livingston and PrimaPharma filed a Response in Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint and a Motion to Strike Plaintiffs' First Amended Complaint, asserting that it was untimely and was filed without leave of Court, in violation of Rule 15(a) of the Federal Rules of Civil Procedure.  Docs. 26, 27.  The same day, the Linear Defendants filed a joinder in the Livingston and PrimaPharma Motion to Strike Plaintiffs' First Amended Complaint.  Doc. 30.

## II. Discussion

### A. Motion to Strike Plaintiffs' First Amended Complaint

Fed. R. Civ. P. 15(a) allows amendment of a complaint once as a matter of course within 21 days after service of the pleading, or the earlier of 21 days after service of a responsive pleading or of a motion filed pursuant to Rule 12(b), including a motion to dismiss for lack of personal jurisdiction or failure to state a claim. Thus, when the parties agreed to a 45-day extension for Defendants to respond, the extension automatically gave Plaintiffs a 45-day opportunity to amend their complaint in the period before the service of Defendants' motions to dismiss. Plaintiffs, however, failed to do so within the 45-day period. Instead, they waited until after the Defendants filed motions to dismiss on July 6 and 7, 2020. Thereafter, they filed both a First Amended Complaint (without leave of the Court), and responses to the Motions to Dismiss on August 21, 2020. Docs. 16, 17-18.

Plaintiffs argue that the extension of defendants' deadline to respond to the complaint also extended Plaintiffs' deadline to file an amended complaint. However, they cite no authority for this position, and extant case law is contradictory. *See, i.e., Hayes v. D.C.*, 275 F.R.D. 343, 345 ("While the Court has the authority to extend both the time period for filing an opposition to a motion and the 21-day time period for filing an amended complaint as a matter of course under Rule 15, the simple fact that the Court granted an extension of the former time period does not automatically effect an extension of the latter and fuse these two separate deadlines into one, as plaintiff contends."); *Tamos v. Aurora Loan Servs.*, 2010 WL 966856, at *1 (S.D. Fla. Mar. 15, 2010) (finding that "Plaintiff's filing of the Amended Complaint is not a proper response to Defendant's motion to dismiss" where the court had extended the deadline for the plaintiff to respond to the motion to dismiss beyond 21 days after service of the motion).

Accordingly, the Court concludes that the Motion to Strike the Amended Complaint must be granted.

### B. Motion to Amend

In their Motion for Leave to File First Amended Complaint, Plaintiffs ask that in the event Defendants' Motion to Strike Amended Complaint is granted, they be given leave to file an Amended Complaint. Doc. 23. Rule 15(A)(2) states:

> *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Accepting as true Plaintiffs' counsels' statement that they mistakenly believed Defendants' counsel had agreed to an extension of time to answer or otherwise plead, the Court concludes that Plaintiffs' Motion to Amend should be granted.

### III. Conclusion

Defendants' Motion to Strike the Amended Complaint (Doc. 27) is granted. Plaintiffs' Motion to Amend (Doc. 23) is granted. Plaintiffs shall file their Amended Complaint on or before January 20, 2021.

The Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (Doc. 5), the Motion to Dismiss Pursuant to Fed. R. Civ. P. 23.1 (Doc 7), the Joinder in the Motion to Dismiss for Failure to State a Claim filed by the Linear Defendants (Doc. 12) and the Joinder of Linear Defendants to Response of Mark Livingston and PrimaPharma, Inc. in Opposition to Motion to File First Amended Complaint and Motion to Strike filed by Livingston (Doc. 30) are found to be moot.

ENTERED this 7th day of January 2021.

TERENCE C. KERN
United States District Judge