**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JAMES JANIS, and | ) | |
| KEITH THOMAS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-193-TCK-JFJ |
| | ) | |
| JOSEPH EARL; | ) | |
| GORDAN MCDOUGALL; | ) | |
| MARK LIVINGSTON; | ) | |
| UPPER STREET MARKETING, INC.; | ) | |
| LINEAR PARK MARKETING INC.; | ) | |
| GROWING SPRINGS HOLDINGS | ) | |
| CORPORATION; and | ) | |
| PRIMAPHARMA, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS MARK LIVINGSTON AND PRIMAPHARMA, INC.'S**
**MOTION TO RENEW MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendants Mark Livingston and PrimaPharma, Inc. file this motion requesting the Court allow them to renew their previously filed Motion to Dismiss [Doc. 5]. As described in greater detail below, these Defendants' Motion to Dismiss was found to be moot by the Court in its Opinion and Order [Doc. 47] of January 7, 2021 based upon the Court allowing Plaintiffs to file an amended complaint by January 20, 2021. However, no such amended complaint has been filed and, therefore, these Defendants' previously filed Motion to Dismiss addressing the original Complaint [Doc. 1] should remain at issue.

**BRIEF IN SUPPORT**

Plaintiffs commenced this cause of action on May 7, 2020 by way of Complaint which, over the course of thirty-one (31) pages and one hundred and thirty-nine (139) numerical paragraphs, set forth allegations amounting to a shareholders derivative action seeking a variety of

relief including inspection and copying of records of Upper Street Marketing, Inc. ("UPPR"). Plaintiffs included PrimaPharma and Livingston (President and CEO of PrimaPharma) based solely upon PrimaPharma allegedly being a takeover target of UPPR. Given the absence of any basis to support the Court's exercise of jurisdiction over PrimaPharma and Livingston, a Motion to Dismiss was presented. Therein, PrimaPharma and Livingston further proposed Plaintiffs had failed to state a plausible claim for relief against them.

Plaintiffs sought and were granted an extension of time until August 21, 2020 in which to respond to PrimaPharma and Livingston's Motion to Dismiss.[1] On August 21, 2020, Plaintiffs filed a First Amended Complaint [Doc. 16] and responses to the pending motions to dismiss [Docs. 17 and 18]. No leave was sought to submit the First Amended Complaint and Plaintiffs belatedly attempted to cure the same by filing a Motion for Leave to File First Amended Complaint [Doc. 23] ten days later. PrimaPharma and Livingston moved to strike the improperly filed First Amended Complaint [Doc. 27]. Briefing with respect to the pending motions to dismiss proceeded, as well as with respect to PrimaPharma and Livingston's motion to strike.[2]

The various motions addressing the procedural deficiencies with Plaintiffs' attempt to amend the original complaint and requests for dismissal by the Defendants were addressed by the Court by way of Opinion and Order on January 7, 2021. The Court determined that Plaintiffs' Amended Complaint was improperly filed and, thus, granted Defendants' request to strike the same. *See* Doc. 47, pp. 3-4. However, the Court granted Plaintiffs' request to amend and directed

---

[1] The requested extension also encompassed a motion to dismiss on behalf of the "Linear Defendants" [Doc. 7] and joinder in PrimaPharma and Livingston's motion [Doc. 12].

[2] As remains a theme throughout these proceedings and pertinent to the request herein, Plaintiffs, again, sought a request for an extension of time to respond to the motion to strike. *See* Docs. 35 and 36.

that the amended complaint be filed "on or before January 20, 2021." *Id.*, at p. 4. Given these rulings, the Court explained that the pending motions to dismiss "are found to be moot." *Id.*

A month has since elapsed, and Plaintiffs have failed to comply with the Court's directive regarding the filing of an amended complaint.[3] A properly filed amended complaint would have rendered the original complaint and any motions directed towards the original complaint moot. *See Klintworth v. Valley Forge Ins. Co.*, 2020 WL 6994259, *1 (N.D. Okla. July 10, 2020); *Janzen v. Watonga Hosp. Tr. Auth.*, 2012 WL 3921524, *1 (W.D. Okla. September 7, 2012). However, as no amended complaint was filed by Plaintiffs as directed by the Court, the original complaint remains in effect and, likewise, the previously filed motions to dismiss remain pertinent.

Given that briefing regarding the motions to dismiss has been completed, Defendants request the Court determine the motions not moot and review the same. No additional issues have been properly interjected and, thus, refiling or supplementing of the prior briefing is unnecessary. Rather, the Defendants' motions should be determined at issue and ripe for resolution.

Furthermore, Defendants request the Court also include in its order an award of fees and costs necessitated by the actions of Plaintiffs in this matter. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S. Ct. 2123, 2132-33, 115 L. Ed. 2d 27 (1991) (recognizing courts' inherent authority to sanction litigants, including assessment of attorney fees). As discussed herein, after motions to dismiss were filed, Plaintiffs sought an extension of time to respond and, in addition to filing responses, filed an amended complaint without seeking leave of Court which then

---

[3] Plaintiffs have, though, apparently issued subpoenas duces tecum. Counsel for these Defendants has only received notices, but not the actual subpoenas. Regardless, and as addressed by way of a separately filed motion to quash, these subpoenas are improper as not Rule 26 (f) conference has yet been conducted and the jurisdictional issues presented in the prior motions to dismiss remain pending.

necessitated additional motions. In resolving the pending motions, the Court permitted Plaintiffs until January 20, 2021 to file an amended complaint, which they have failed to do and, thus, requiring yet additional motion practice. The course of proceedings simply do not support even a modicum of concern by Plaintiffs for the time and expenses incurred by the Court and Defendants.

WHEREFORE, based upon the above and forgoing, the Defendants Mark Livingston and PrimaPharma, Inc. respectfully request the Court determine their Motion to Dismiss [Doc. 5] is no longer moot and is ripe for resolution based upon the prior briefing completed by the parties given that Plaintiffs have failed to timely amend the complaint in accordance with the Court's order.

Respectfully submitted,

/s David C. Senger
David C. Senger, OBA #18830
Robert E. Applegate, OBA #17376
Coffey, Senger & Woodard P.L.L.C.
4725 East 91st Street, Suite 100
Tulsa, OK 74137
918-292-8787 (phone)
918-292-8788 (fax)
david@cswlawgroup.com

**CERTIFICATE OF SERVICE**

I certify that on the 12th day of March 2021, a copy of the foregoing was served on all counsel of record by electronically transmitting same to the Clerk of Court, using the CM/ECF System for filing and transmittal.

R. Brent Blackstock
Bill Parker
Blair Krueger
Jeremiah J. Sullivan
Justin T King

/s David C. Senger